UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD R. SAINTCALLE, | CASE NO. C06-0040-MJP |
| Plaintiff, | |
| v. | ORDER RE: PLAINTIFF'S PENDING MOTIONS |
| C/O L. RODRIGUEZ, et al., | |
| Defendants. | |

This matter comes before the Court on plaintiff's motions for appointment of counsel, for leave to serve defendants with a revised first set of interrogatories, and for leave to file an amended complaint. The Court, having reviewed plaintiff's motions, and the balance of the record, does hereby find and ORDER:

(1) Plaintiff's motion for appointment of counsel (Dkt. No. 8) is DENIED. There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984);

ORDER RE: PLAINTIFF'S PENDING MOTIONS
PAGE -1

*Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

Plaintiff has neither demonstrated a likelihood of success on the merits nor shown that, in light of the complexity of the legal issues involved, he is unable to articulate his claims *pro se*. Thus, plaintiff has not demonstrated that this case involves exceptional circumstances which warrant appointment of counsel at the present time.

(2)   Plaintiff's motion for leave to serve defendants with a revised first set of interrogatories (Dkt. No. 14) is DENIED. Plaintiff seeks leave of court to serve defendants with a revised first set of interrogatories because defendants objected to the original interrogatories on the grounds that they did not comply with Fed. R. Civ. P. 26(g)(2) and Fed. R. Civ. P. 33(a). Defendants, in their opposition to the instant motion, assert that they have, in fact, answered the interrogatories despite their objections. As defendants have apparently answered plaintiff's first set of interrogatories, the instant motion is moot.

(3)   Plaintiff's motion for leave to file an amended complaint was filed on March 30, 2006, and was noted for consideration on April 14, 2006. Defendants have not filed a response to this motion. However, it appears that a response from defendants may aid this Court in its resolution of plaintiff's motion for leave to amend. Accordingly, defendants are directed to file and serve a response to that motion not later than *April 24, 2006*. Plaintiff may file and serve a reply brief not later than *April 28, 2006*. Plaintiff's motion for leave to amend (Dkt. No. 20) is RE-NOTED on the Court's calendar for consideration on *April 28, 2006*.

ORDER RE: PLAINTIFF'S PENDING MOTIONS
PAGE -2

(4)    The Clerk shall send copies of this Order to plaintiff, to counsel for defendants, and to the Honorable Marsha J. Pechman.

DATED this  14th  day of  April , 2006.

*Mary Alice Theiler*
Mary Alice Theiler
United States Magistrate Judge

ORDER RE: PLAINTIFF'S PENDING MOTIONS
PAGE -3