UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| RICHARD R. SAINTCALLE, | ) | CASE NO. C06-0040-MJP-MAT |
| Plaintiff, | ) | |
| v. | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION TO AMEND COMPLAINT |
| C/O L. RODRIGUEZ, et al., | ) | |
| Defendants. | ) | |

This matter comes before the Court on plaintiff's motion to amend his complaint. The Court having reviewed plaintiff's motion, defendants' response thereto, plaintiff's reply brief in support of his motion[1], and the balance of the record, does hereby find and ORDER as follows:

(1) Plaintiff's motion to amend his complaint (Dkt. No. 20) is DENIED. Plaintiff, by way of the instant motion, seeks to add five new defendants and two new legal claims to this action. Defendants argue that plaintiff's motion should be denied because amendment would be futile. This Court agrees.

In his original complaint, plaintiff alleged that he was in the custody of two King County

---

[1] Plaintiff's unopposed motion for an extension of time to file his reply brief (Dkt. No. 28) is GRANTED. Plaintiff's reply brief was received on May 11, 2006, and has been made a part of the record.

ORDER DENYING PLAINTIFF'S
MOTION TO AMEND COMPLAINT
PAGE -1

01 Department of Adult and Juvenile Detention corrections officers, L. Rodriguez and M. Hurt, when

02 he was attacked in open court by his son, Kirk SaintCalle, and that this attack violated his due

03 process rights. Plaintiff identified correctional officers Rodriguez and Hurt as the only defendants

04 in his original complaint. In his proposed amended complaint, plaintiff re-alleges that the attack

05 violated his due process rights. He further alleges that the attack violated his rights to equal

06 protection and to be free from cruel and unusual punishment. In addition to defendants Rodriguez

07 and Hurt, plaintiff identifies King County Superior Court Judge Richard McDermott, King County

08 Deputy Prosecutor Thomas Bradshaw, King County Superior Court Bailiff Nikki Riley, King

09 County Corrections Sergeant Mike Myers, and Federal Way Police Officer Thomas Robinson as

10 defendants in this action.

11 As to plaintiff's proposed new claims, the Court notes that plaintiff, in his reply brief in

12 support of his motion to amend, expressly withdraws his Eighth Amendment claim. Thus, the

13 Court need not consider whether it is appropriate to allow plaintiff to add such a claim to this

14 action. The Court must, however, consider whether it is appropriate to allow plaintiff to add his

15 proposed equal protection claim to this action.

16 The Equal Protection Clause of the Fourteenth Amendment provides that no state shall

17 "deny to any person within its jurisdiction the equal protection of the laws." In order to state an

18 equal protection claim under § 1983, a plaintiff must show that the defendants acted with an intent

19 or purpose to discriminate against the plaintiff based upon membership in a protected class.

20 *Barren v. Harrington*, 152 F.3d 1193, 1994 (9th Cir. 1998)(citations omitted). Plaintiff sets forth

21 no facts in his proposed amended complaint which even remotely support a claim of an equal

22 protection violation. In his reply brief in support of his motion, plaintiff argues that he received

ORDER DENYING PLAINTIFF'S
MOTION TO AMEND COMPLAINT
PAGE -2

disparate treatment based upon his race, nationality, and the nature of the crime he was on trial for. However, his contentions are largely conclusory and are not sufficient to allege a cause of action under § 1983. Plaintiff's request to add an equal protection claim to this action is therefore denied.

Plaintiff's request to add new defendants to this action must also be denied. The Court explains this conclusion as to each of the proposed new defendants below.

(a) Plaintiff seeks to add Sergeant Mike Myers as a defendant in this action. Plaintiff identifies Sergeant Myers as the Court Detail Supervisor for the King County Department of Adult and Juvenile Detention. Plaintiff contends that Sergeant Myers is responsible for determining staffing needs for any given detail and taking into account threat potential. Plaintiff asserts that Sergeant Myers knew of threats made by Kirk SaintCalle towards plaintiff, and, thus, that he should have assigned additional officers to the courtroom and that he should have briefed his officers to request backup if Kirk SaintCalle were to enter the courtroom.

In effect, plaintiff is seeking to have Sergeant Myers held liable because of his supervisory position. However, suit brought pursuant to § 1983 cannot be based upon vicarious liability alone, but must allege that a defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989); *Monell v. Department of Social Servs.*, 436 U.S. 658, 694 (1978). Plaintiff's allegations about what he believes Sergeant Myers should have done in his supervisory role are insufficient to demonstrate that Sergeant Myers personally participated in causing the specific harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

(b) Plaintiff seeks to add King County Superior Court Judge Richard McDermott, King

ORDER DENYING PLAINTIFF'S
MOTION TO AMEND COMPLAINT
PAGE -3

01 County Deputy Prosecuting Attorney Thomas Bradshaw, and King County Superior Court Bailiff

02 Nikki Riley as defendants in his action. The Supreme Court of the United States has held that, in

03 light of common law immunity principles, persons who perform official functions in the judicial

04 process are absolutely immune from liability for damages under 42 U.S.C. § 1983. *Briscoe v.*

05 *LaHue*, 460 U.S. 325, 334-36 (1983). Decision related to courtroom security are certainly ones

06 which are within the scope of a judicial officers' official functions. Thus, Judge McDermott and

07 his bailiff, who acts at the discretion of the judge, are entitled to immunity in this action. *See*

08 *Mireles v. Waco*, 502 U.S. 9, 9-12 (1991)(judicial immunity); *Haldane v. Chagnon*, 345 F.2d 601,

09 604 (9th Cir. 1965).

10       As to the prosecuting attorney, Mr. Bradshaw, the Court first notes that plaintiff fails to

11 offer any facts demonstrating that this individual had any duty to act to protect plaintiff. Plaintiff

12 was not in Mr. Bradshaw's immediate custody and Mr. Bradshaw is not charged with providing

13 physical protection for defendants. However, to the extent that providing such protection might

14 somehow be deemed to be within the scope of Mr. Bradshaw's official responsibilities, Mr.

15 Bradshaw is entitled to immunity as well. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)

16 (prosecutorial immunity protects a prosecutor who "acts within his or her authority and in a quasi-

17 judicial capacity").

18       (c)      Plaintiff identifies Federal Way Police Officer Thomas Robinson as a defendant in

19 this action. Plaintiff appears to be of the belief that because Officer Robinson knew of threats

20 made by Kirk SaintCalle towards plaintiff, and because he is a police officer, he had a duty to

21 protect plaintiff in the courtroom. However, plaintiff was not in the custody of Officer Robinson

22 at the time of the attack, he was in the custody of the King County Department of Adult and

ORDER DENYING PLAINTIFF'S
MOTION TO AMEND COMPLAINT
PAGE -4

Juvenile Detention. In addition, plaintiff alleges no facts suggesting that Officer Robinson created the danger which plaintiff complains of. Accordingly, plaintiff has no constitutional right to sue Officer Robinson for his failure to protect plaintiff from harm inflicted by Kirk SaintCalle. *See L.W. v. Grubbs*, 974 F.2d 119, 121 (9th Cir. 1992).

(2) For the foregoing reasons, plaintiff will not be permitted to amend his complaint at the present time. The Clerk is directed to send copies of this Order to plaintiff, to counsel for defendants, and to the Hon. Marsha J. Pechman.

DATED this 23rd day of May, 2006.

Mary Alice Theiler
United States Magistrate Judge